UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

LILLIAN ABALO JOHN,            )
                               )
        Plaintiff              )
                               )
    v.                         )        2:26-cv-00360-JAW
                               )
PORTLAND HOUSING,              )
                               )
        Defendant              )

**RECOMMENDED DECISION AFTER REVIEW
PURSUANT TO 28 U.S.C. § 1915**

Plaintiff filed a complaint and an application to proceed without prepayment of fees, which application the Court granted. In accordance with the statute that governs actions where a party proceeds without prepayment of fees, a preliminary review of the claim is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's filing, I recommend the Court dismiss the matter unless within the time to object to this recommended decision, Plaintiff amends the complaint to allege an actionable claim.

**DISCUSSION**

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective

defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe [the] complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

Here, Plaintiff apparently attempts to allege a claim related to Plaintiff's housing and/or vehicle. Plaintiff, however, but has not alleged enough facts to permit the Court to discern the nature of the claim. That is, to the extent Plaintiff claims to have suffered some type of harm or loss, to assert an actionable claim, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Because Plaintiff has not alleged sufficient facts to support an actionable claim, dismissal is warranted.

## CONCLUSION

After a review in accordance with 28 U.S.C. § 1915, for the reasons explained above, I recommend the Court dismiss the matter unless within the fourteen-day objection period, Plaintiff amends the complaint to allege an actionable claim.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of July, 2026.

3